NATHAN NANES, Respondent, v. PECK & MACK Co., Appellant.

First Department, February 21, 1918.

**Sale — action for balance due for goods sold and delivered — defense — fraudulent misrepresentation by seller as to cost.**

A representation that goods offered for sale had cost the seller a certain amount is a representation of fact and not an expression of opinion and if it was false and was fraudulently made and relied upon by the buyer it furnishes a basis for a counterclaim in an action by the seller to recover a balance alleged to be due.

APPEAL by the defendant, Peck & Mack Co., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of October, 1917, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 29th day of October, 1917, denying defendant's motion for a new trial made upon the minutes.

The judgment, among other things, dismissed defendant's counterclaim.

*Franklin Bien*, for the appellant.

*Leon Sanders*, for the respondent.

DOWLING, J.:

This action was brought to recover a balance claimed to be due for goods sold and delivered. The defendant interposed an answer containing a counterclaim for $4,588.99, based on allegations that plaintiff had falsely represented to defendant, in order to induce it to purchase the goods, wares and merchandise in question in bulk, at the price of $6,000, (a) that said goods had cost plaintiff not less than $8,500, and (b) that the market value of said goods was not less than $8,500. Defendant claims that it relied upon said representations and, believing them to be true, bought the goods at the price of $6,000, paying $3,000 on account thereof, whereas in fact said representations were untrue and were made to defraud defendant, and in fact the goods in question (a) had

not cost plaintiff the sum of $8,500, but only $3,911.01, and (b) were not of the fair market value of $8,500. These misrepresentations defendant did not discover until after it had made the payment on account. The case has been treated as one for a misrepresentation as to market value only, and as, therefore, coming within the class of cases of so-called " dealers' talk," where it has been held no cause of action for deceit existed. But in so doing the allegation of a misrepresentation as to the cost to plaintiff of the goods in question has been entirely overlooked. The representation that the goods offered for sale in bulk had cost plaintiff $8,500 was a representation of a fact, not an expression of an opinion, and if it was false, fraudulently made and relied upon by defendant, it would furnish a basis for recovery under the allegations of defendant's counterclaim. The findings of the jury, by direction that plaintiff was entitled to recover the balance upon the purchase price of the goods in question, is reversed, as is the dismissal of the counterclaim.

The judgment and order appealed from will be reversed and a new trial ordered, with costs to appellant to abide the event.

SCOTT, LAUGHLIN, SMITH and DAVIS, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.